Dkake, Oh. J.,
delivered the opinion of the court:
This case, like that of Child, Pratt & Fox, (12 Wall., p. 232,) involves the action of the Pams-Holt-Campbell commission, at Saint Louis, in 1861, and would be in every essential particular identical with that, but for two facts, viz: First, that the commission deducted from the voucher held by the claiimant’s testator, Leonidas Haskell, a reclamation on account of vouchers issued to him for other mules by the same quartermaster, which vouchers Haskell had sold to other parties; and, secoud, that they also deducted from Haskell’s voucher a reclamation on account of vouchers for other mules issued by that quartermaster to one H. 0. Worth. Whatreasons influenced the commission to make these two deductions does not appear, but only the simple fact that they were made, and that the commission allowed only $10,546 on a voucher issued to Haskell for $55,375.
Under ordinary circumstances we should have felt justified in investigating the action of the commission in this respect ; but it seems to us that the decisions of the Supreme Court in the cases of Adams, (7 Wall., p. 463,) Child, Pratt & Fox, (ut supra,) and Justice, (14 Wall., p. 535,) preclude our going behind the voluntary taking by Haskell of the amount allowed by the commission, and his giving his receipt therefor as in full of the account.
This barrier is not, in our opinion, removed by the special act for the relief of the parties interested, passed about five years after the institution of this suit, authorizing this court to adjudicate the claim “ on terms of equity and justice.” This cannot be considered as setting aside in favor of those parties the law as adjudicated by the Supreme Court; for it is a familiar maxim that equity follows the law, except in relation to those matters which give a title to equitable relief, be *415 cause tbe rules of law would operate to sanction fraud or injustice in tlie particular case. It cannot be said here that equity ought to relieve against the bar created by the voluntary receipt in full, for equity, equally with the law, recognizes and enforces such a bar, unless there are facts which justify the interposition of equitable relief to prevent fraud or injustice; and such facts are not shown in this case. Had Congress directed this court to adjudicate the claim upon its merits, without regard to any technical defense, we might have felt warranted in going into a full investigation of all the facts, and passing upon them,irrespective of the receipt; but the terms of the special act do not seem to us to authorize such a proceeding.
Under the controlling authority of the rulings of the Supreme Court the petition must be dismissed.